# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,           :        Case No. 1:17-cr-034
                                                  Also 1:20-cv-359

                                                  District Judge Susan J. Dlott
-  vs  -                                  Magistrate Judge Michael R. Merz

ANTHONY WHITMIRE,

                Defendant.          :

---

## REPORT AND RECOMMENDATIONS

---

This criminal case is before the Court on the filing by Defendant, *pro se* of a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 34). The Motion to Vacate has been referred to the undersigned by District Judge Dlott (ECF No. 35). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Litigation History**

The docket in this case shows that Whitmore was indicted by a federal grand jury at Cincinnati. The Indictment charged him with knowingly possessing a firearm, a 9 mm Glock, which had affected interstate commerce after he had been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit, having a weapon while under disability and attempted robbery, both in the Common Pleas Court of Hamilton County, Ohio (Indictment, ECF No. 3, PageID 4). The Indictment charged that this act violated 18 U.S.C. § 922(g)(1). *Id.*

Represented by counsel, Whitmire entered into a Plea Agreement with the United States under which he agreed to plead guilty to this count of the indictment (Plea Agreement, ECF No. 21). The Plea Agreement provides at ¶ 2:

> Elements of the Offense: The elements of the offense to which the Defendant has agreed to plead guilty are as follows:
>
> **Count 1 (Possession by a Prohibited Person)**
>
> a) That the defendant has been convicted of a crime punishable by imprisonment for more than one year;
>
> b) That the defendant, following his conviction, knowingly possessed the firearm and ammunition specified in the Indictment; and
>
> c) That the specified firearm and ammunition crossed a state line prior to the alleged possession.

*Id.* at PageID 46. Despite the fact that the maximum penalty was ten years imprisonment, the United States agreed that seventy months was sufficient for the purposes of 18 U.S.C. § 3553. *Id.* at PageID 47. Judge Dlott accepted the Plea Agreement and Whitemire's guilty plea (ECF No. 22). After referring the case for a presentence investigation, she actually sentenced Whitmire

below the agreed sentence to sixty-six months imprisonment.  Whitmire did not appeal,

presumably because he had agreed in the Plea Agreement not to do so. (ECF No. 21, PageID 49).

Whitmire's time to appeal expired fourteen days after judgment or on March 27, 2018.  Whitmire

filed the instant Motion to Vacate on May 5, 2020.

# Analysis

**Whitmore's Motion to Vacate is Barred by the Statute of Limitations**

Motions to Vacate under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.

28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this
> section.  The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> government action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from making
> a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

Whitmire's conviction became final on the last day on which he could have appealed to the Sixth Circuit Court of Appeals, March 27, 2018.  The statute of limitations thus expired one year later on March 28, 2019, unless Whitmire can bring himself within one of the other clauses of § 2255(f)(3).  Whitmire claims the benefit of "the new retroactive rule of statutory interpretation announced by the Supreme Court in in *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019)," presumably intending to rely on § 2255(f)(3); his Motion was filed within one year of that decision which occurred June 21, 2019.

This Court has previously held that *Rehaif* does not apply to cases on collateral review:

> *Rehaif* did not recognize any new constitutional right.  Instead, *Rehaif* reversed the conviction of a person convicted under 18 U.S.C. § 922(g)(5) for being an alien unlawfully in the country and possessing a firearm.  Rehaif had been convicted by a jury which was instructed that the Government did not have to prove he knew he was in the country illegally.  The Supreme Court interpreted the *mens rea* requirement of "knowingly" which appears in 18 U.S.C. § 924 as required to be proved beyond a reasonable doubt as to most of the elements of a 922(g) conviction.  It held:

>> The term "knowingly" in §924(a)(2) modifies the verb "violates" and its direct object, which in this case is §922(g).  The proper interpretation of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g). With some here-irrelevant omissions, §922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

>> . . . by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of §922(g).

139 S. Ct. at 2195-96.  Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation.

Moreover, the Supreme Court did not make its new rule retroactively applicable to cases on collateral review.[1]  The Court does not discuss retroactivity at all in *Rehaif*.  The Supreme Court has a general rule by which we can determine that question, however.  Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992);  *Teague v. Lane*, 489 U.S. 288 (1989).

*United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019).  Moreover, the Sixth Circuit has recently held "the rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020), citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

Whitmire's Motion to Vacate is barred by the statute of limitations.

**Whitmore's Motion to Vacate Fails on the Merits**

Alternatively, Whitmore's Motion is without merit.  Whitemire pleads two grounds for relief:

**Ground One:**  Structural error occurred in the criminal proceedings in violation of the Due Process Clause to the Fifth Amendment and the Notice Clause to the Sixth Amendment.

---

[1] Direct review is the review that occurs on direct appeal to the circuit court of appeals and ultimately, if they accept jurisdiction, to the United States Supreme Court.  Collateral review occurs on a motion to vacate under § 2255 or a motion for new trial.

> **Ground Two:** Whitmore was denied the right to present a defense
> and prepare any defense to the knowledge of status element to the
> offense in violation of the Sixth Amendment.

(Motion, ECF No. 34, PageID 90-91.)_As to both grounds for relief, Whitmore relies on *Rehaif*,

asserting the Court did not give him proper notice of the "status" element or an opportunity to

prepare a defense.

In *Rehaif*, the "status" element which the Supreme Court held the Government had to prove

was that the defendant knew he was illegally in the country, the relevant status for a violation of

18 U.S.C. § 922(g)(5). While the Supreme Court was careful to limit its holding to § 922(g)(5),

the Magistrate Judge will assume for sake of argument that the logic also applies to § 922(g)(1)

where the required status is that the defendant knows he has been convicted of a felony.

In this case the Government did not have to prove that Whitmire knew he was a convicted

felon because he admitted that he knew that fact. In the Statement of Facts that was a part of the

Plea Agreement, Whitmire stipulated that if the case went to trial, the United States would be able

to prove beyond a reasonable doubt that "[p]rior to November 7, 2016 [the date of offense charged

in the Indictment], WHITMIRE had been convicted of crimes punishable by imprisonment for a

term exceeding one year." (Plea Agreement, ECF No. 21, PageID 51). Furthermore, the Plea

Agreement itself spelled out the elements of the crime of being a felon in possession. *Id.* at PageID

46. The Statement of Facts also admits the other essential elements, to wit, that Whitmire

knowingly possessed the firearm on November 7, 2016, and that the firearm had affected interstate

commerce.

Therefore, in the alternative, Whitmire's Motion fails on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice and that the Clerk be instructed to enter judgment to that effect pursuant to Fed.R.Civ.P. 58.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 7, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.