# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:17-cr-034
                                  Also 1:20-cv-359

                                  District Judge Susan J. Dlott
- vs -                            Magistrate Judge Michael R. Merz

ANTHONY WHITMIRE,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on the filing by Defendant of a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 34). Whitmire claims the benefit of *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019). Upon the Court's Order, the Government has filed a Response (ECF No. 39) and Defendant has filed a Reply (ECF No. 41).

**Litigation History**

On March 1, 2017, a federal grand jury at Cincinnati indicted Defendant

> On or about November 7, 2016, in the Southern District of Ohio, the defendant, ANTHONY WHITMIRE, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: Having Weapons While Under Disability, Case Number

1

>B1005369, Hamilton County (OH) Court of Common Pleas, and Attempted Robbery, Case Number B0802898, Hamilton County (OH) Court of Common Pleas, did knowingly possess in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a 9 millimeter Glock model 17 semi-automatic handgun bearing serial number NGZ417 and ammunition.
>
>In violation of Title 18, United States Code, Sections 922(g)(l), 924(a)(2), and 2

(Indictment, ECF No. 3, PageID 4)

Represented by counsel, Whitmire entered into a Plea Agreement with the United States under which he agreed to plead guilty to the Indictment (Plea Agreement, ECF No. 21). The Plea Agreement provides at ¶ 2:

>Elements of the Offense: The elements of the offense to which the Defendant has agreed to plead guilty are as follows:
>
>**Count 1 (Possession by a Prohibited Person)**
>
>a) That the defendant has been convicted of a crime punishable by imprisonment for more than one year;
>
>b) That the defendant, following his conviction, knowingly possessed the firearm and ammunition specified in the Indictment; and
>
>c) That the specified firearm and ammunition crossed a state line prior to the alleged possession.

*Id.* at PageID 46. Despite the fact that the maximum penalty was ten years imprisonment, the United States agreed that seventy months was sufficient for the purposes of 18 U.S.C. § 3553. *Id.* at PageID 47. Judge Dlott accepted the Plea Agreement and Whitemire's guilty plea (ECF No. 22). After referring the case for a presentence investigation, she actually sentenced Whitmire below the agreed sentence to sixty-six months imprisonment. Whitmire did not appeal,

presumably because he had agreed in the Plea Agreement not to do so. (ECF No. 21, PageID 49). Whitmire's time to appeal expired fourteen days after judgment or on March 27, 2018. Whitmire filed the instant Motion to Vacate on May 5, 2020.

# Analysis

**This is Whitmore's First Motion to Vacate**

In his Reply Whitmire correctly asserts that because this is his first motion to vacate under 28 U.S.C. § 2255, he does not require prior permission from the circuit court to proceed under § 2255(h) and § 2244(b).

***Rehaif*** **Announced a New Rule of Statutory Interpretation Not Applicable on Collateral Review**

*Rehaif* did not recognize a new constitutional right, but rather a new rule of statutory interpretation. *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020), citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

> *Rehaif* reversed the conviction of a person convicted under 18 U.S.C. § 922(g)(5) for being an alien unlawfully in the country and possessing a firearm. Rehaif had been convicted by a jury which was instructed that the Government did not have to prove he knew he was in the country illegally. The Supreme Court interpreted the *mens rea* requirement of "knowingly" which appears in 18 U.S.C. § 924 as required to be proved beyond a reasonable doubt as to most of the elements of a 922(g) conviction. It held:

3

> The term "knowingly" in §924(a)(2) modifies the verb "violates" and its direct object, which in this case is §922(g). The proper interpretation of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g). With some here-irrelevant omissions, §922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien . . . illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").
>
> . . . by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of §922(g).
>
> 139 S. Ct. at 2195-96.

*United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019).

A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). This statutory interpretation rule in *Rehaif* was "new" because the circuit courts had all previously held the Government did not have to plead or prove that a 18 U.S.C. § 922(g) defendant knew he belonged to a group prohibited from possessing a firearm. In Rehaif's case, the group was "aliens unlawfully in the country" who are prohibited from possessing a firearm under 18 U.S.C. § 922(g)(5). Although the Court expressly disclaimed deciding whether its new rule applied to other groups of § 922(g) defendants, the logic of the decision extends to § 922(g)(1).

4

The Supreme Court did not make its new rule in *Rehaif* retroactively applicable to cases on collateral review and did not discuss retroactivity at all. However, whether a Supreme Court decision applies retroactively can and should be decided by the district court in the first instance. *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir. 2004).

The Supreme Court has a general rule by which we can decide the question of retroactivity. Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).

> Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994). The rule in *Crawford v. Washington,* 541 U.S. 36 (2004), for example is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v. Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court has identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963).

*Rehaif* did not announce a new "substantive" rule, i.e., a rule placing certain individual conduct beyond the power of government to prohibit or punishment of a certain class of people.

5

Instead, it specified what the Government must plead and prove to convict someone of the conduct prohibited by 18 U.S.C. § 922(g), a rule of procedure, but plainly not a "watershed" rule.

*Rehaif* therefore does not apply retroactively to case on collateral review, including motions to vacate under 28 U.S.C. § 2255.  See also *United States v. Raymore*, ___ F.3d ___, 2020 U.S. App. LEXIS 21625 (6th Cir. 2020).

**Whitmore's Claim is Barred by the Statute of Limitations**

Motions to Vacate under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section.  The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Whitmire's conviction became final on the last day on which he could have appealed to the Sixth Circuit Court of Appeals, March 27, 2018.  The statute of limitations thus expired one year later

on March 28, 2019, unless Whitmire can bring himself within one of the other clauses of § 2255(f). Whitmire claims the benefit of "the new retroactive rule of statutory interpretation announced by the Supreme Court in *Rehaif*," presumably intending to rely on § 2255(f)(3); his Motion was filed within one year of that decision which occurred June 21, 2019. However, because *Rehaif* does not apply on collateral review, Whitmire's Motion to Vacate is barred by the statute of limitations.

**Other Issues**

The pleadings in this case raise other issues as well. The Government claims Whitmore procedurally defaulted his claim by not raising it on direct appeal. Whitmore claims the Indictment is defective under *Rehaif* in that it did not provide him notice that the Government had to prove he knew he was in a prohibited status. He also asserts that his knowledge of his prior convictions does not necessarily imply he knew they were felony questions.

Because *Rehaif* is not applicable on collateral review, the Court need not decide these additional issues which the Magistrate Judge recommends be found to be moot.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice and that the Clerk be instructed to enter judgment to that effect pursuant to Fed.R.Civ.P. 58. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

7

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 17, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.