# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|                     |             |   |                                        |
|---------------------|-------------|---|----------------------------------------|
|                     | Plaintiff,  | : | Case No. 1:17-cr-034                    |
|                     |             |   | Also 1:20-cv-359                       |
|                     |             |   |                                        |
|                     |             |   | District Judge Susan J. Dlott          |
| -  vs  -            |             |   | Magistrate Judge Michael R. Merz       |
|                     |             |   |                                        |
| ANTHONY WHITMIRE,   |             |   |                                        |
|                     | Defendant.  | : |                                        |

---

## DECISION AND ORDER

---

This criminal case is before the Court on Defendant's Objections (ECF No. 43) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 42) which recommended that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 34) be dismissed with prejudice. As required by Fed.R.Civ.P. 72(b) the Court has reviewed *de novo* all portions of the Report to which specific objection has been made and rules on the objections in this Order.

In the Report, the Magistrate Judge concluded Whitmire's Motion to Vacate was time-barred because it had not been filed within one year of the date when Whitmire's conviction became final on March 27, 2018 (ECF No. 42, PageID 169-70). Alternatively, the Magistrate Judge concluded the Motion fails on the merits. *Id.* at PageID 166-69.

1

**The Statute of Limitations**

Regarding the statute of limitations, Whitmire claims the benefit of 28 U.S.C. § 2255(f)(3) which allows the statute of limitations to run for one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" instead of one year from the date on which the conviction became final, as provided in § 2255(f)(1), the date relied on by the Magistrate Judge. In his Objections he also claims the benefit of § 2255(f)(4) on the grounds that the evidence he relies on – the decision of the Supreme Court in *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019) – is newly discovered.

Whitmore relies on *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), and did file his Motion to Vacate within one year of the Supreme Court's decision in that case on June 21, 2019. In the Report, the Magistrate Judge wrote that "*Rehaif* did not recognize any new constitutional right," (Report, ECF No. 42, PageID 167, quoting this Court's prior decision at *United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019)).

Whitmire objects to the Magistrate Judge's conclusion that *Rehaif* is not applicable to cases on collateral review (Objections, ECF No. 43, PageID 177-78). The Report analyzes the conditions under which a new Supreme Court decision will be applicable to cases on collateral review such as those under 28 U.S.C. § 2255. Applying the required analysis under *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny, the Magistrate Judge concluded *Rehaif* was not a new substantive rule because it did not contract the class of persons criminally liable under 18 U.S.C. § 922(g)(Report, ECF No. 42, PageID 166-69). Although *Rehaif* did announce a "new" rule, it was a new procedural rule. It specified what the Government must prove to support a conviction under 922(g), to wit, that a defendant knew

he or she belonged to a class of persons prohibited from possessing a firearm. The retroactivity analysis in the Report is consistent with the authority relied on by Whitmire in his Objections, *In Re Carl Green*, 144 F. 3d 384 (6th Cir. 1998), and *Caspari v. Bohlen*, 510 U.S. 383 (1994).

Whitmire relies generally on the Suspension Clause of the Constitution and argues "If there is no path to challenge an unlawful sentence, surely the Suspension Clause is offended." (Objections, ECF No. 43, PageID 178). To the contrary, the federal courts have repeatedly upheld provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which make a challenge to a particular sentence impossible under certain circumstances, e.g., if a defendant waits too long to make the challenge or attempts to challenge a second time a conviction he has already challenged once or attacks a state court sentence in federal court without having first exhausted state court remedies.

Defendant claims *Rehaif* is "indisputably" a new retroactive rule because it narrows the scope of § 922(g). On the contrary, *Rehaif* does not change at all those persons who can be prosecuted under § 922(g). Rather, it holds that when the Government does prosecute a person in one of the prohibited categories, it must prove he or she knew that they were in that category. As to § 922(g)(1), the same class of people now as before *Rehaif* is prohibited from possessing a firearm, to wit, those people who have been convicted of a felony. Now the Government must prove that they knew they had been thus convicted, a change in the procedure at trial, not in the classes of people liable.

Whitmire also relies on *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 194 L. Ed. 2d 387 (2016). In that case the United States Supreme Court itself held that its prior decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), was applicable retroactively to cases on collateral review because it narrowed the class of persons to whom the Armed Career Criminal Act applied. In its recent decision in *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020), the Sixth Circuit relied on *Welch* to find retroactive the Supreme Court's decision in *United States*

3

*v. Davis*, 139 S. Ct. 2319 (2019), decided within a week of *Rehaif*, that 18 U.S.C. § 024(c)(3)(B) was unconstitutional.

Because *Rehaif* is not applicable on collateral review, Whitmore is not entitled to the start date for the statute of limitations provided by § 2255(f)(3). Nor does a new decision by the Supreme Court constituted a "fact" whose discovery restarts the statute of limitations under § 2255(f)(4).

## Conclusion

The Court concludes the Report is not contrary to law. Whitmire's Objections are therefore OVERRULED and the Report is ADOPTED. Whitemire's Motion to Vacate is ordered dismissed with prejudice and the Clerk will enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 28, 2020.

Susan J. Dlott
United States District Judge

4