IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:17-cr-34 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING DEFENDANT'S** |
| ANTHONY WHITMIRE, : | **MOTION FOR COMPASSIONATE** |
| : | **RELEASE** |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 53). The Government opposes Defendant's motion. (Doc. 54). For the reasons set forth below, Defendant's motion will be **DENIED**.

**I.    BACKGROUND**

On October 13, 2017, Defendant Anthony Whitmire entered into a plea agreement with the Government whereby Defendant pled guilty to Count 1 of the Indictment, Possession by a Prohibited Person in violation of 18 U.S.C. § 922(g). (Doc. 21). The Court accepted Defendant's plea on November 9, 2017 (Doc. 22), and sentenced Defendant to a term of imprisonment for 66 months[1] followed by three years of supervised release. (Doc. 29).

Defendant is currently incarcerated at the Federal Correctional Institution at Manchester, Kentucky ("FCI Manchester") with an anticipated release date of September 12, 2022. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 8/26/2021). Defendant filed the instant Motion for Compassionate Release on August 3, 2021 (Doc. 53), to which the Government responded in opposition on August 17, 2021 (Doc. 54).

---

[1] This sentence constituted a departure from the 70-87 month range recommended in the United States Sentencing Guidelines ("Guidelines"). (*See* Presentence Investigation Report at ¶ 97).

In his motion, Defendant argues that he is entitled to compassionate release because his medical conditions combined with his incarceration increase his susceptibility to COVID-19. The Government argues that Defendant is not entitled to release for want of an extraordinary and compelling reason, and that the sentencing factors do not support his early release. For the reasons that follow, Defendant's motion will be **DENIED**.

## II. LEGAL STANDARD

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *see also United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

If the inmate has exhausted administrative remedies, the district court must engage in the § 3582(c)(1)(A) analysis as follows: (1) finding that "extraordinary and compelling reasons" warrant a reduction; (2) finding that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) considering the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1106 (6th Cir. 2020). However, as to the second prong, the First Step Act rendered the only Sentencing Commission policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—inapplicable to cases filed by federal inmates. *Id.* at 1109, 1111. Therefore, the district court has full discretion to define extraordinary and compelling reasons without reference to the policy statement in § 1B1.13. *See id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

The § 3553(a) factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188-89 (6th Cir. April 23, 2020). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. LAW & ANALYSIS

#### A. Exhaustion of Administrative Remedies

Section 3582(c)(1)(A)'s administrative exhaustion requirement—though not a jurisdictional requirement—is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). Pursuant to 18 U.S.C. § 3582(c)(1)(A), the exhaustion requirement is satisfied if 30 days have lapsed from the warden's receipt of the inmate's request for release. Here, Defendant sought compassionate release from the warden of his prison on April 29, 2021 and thereafter filed the instant motion on August 3, 2021, more than 30 days after Defendant's initial request. (Doc. 53 at PageID 207; Doc. 53-1). The Government disputes the issue of exhaustion on the basis that the warden never denied Defendant's request,[2] but fails to provide any legal support for its position. (*See* Doc. 54 at PageID 215). The Sixth Circuit has held "[a]s th[e] text [of 18 U.S.C. § 3582(c)(1)(A)] makes clear, defendants now may bring reduction-of-sentence motions on their own once they . . . wait 30 days from the date they request relief from the Bureau of Prisons." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *see also United States v. Campbell*, No. 2:17-cr-0166, 2020 WL 6709899, at *1 (S.D. Ohio Nov. 16, 2020) ("The Bureau of Prisons did not respond to the defendant's request within 30 days of receiving the request. Thus, the Government acknowledges [the defendant] has satisfied the administrative exhaustion requirement.").

Although the Warden did not render a decision regarding Defendant's request, the instant motion was filed well beyond the 30-day period. Accordingly, the Court finds that Defendant has satisfied the exhaustion requirement.

---

[2] The Government contends that after Defendant submitted his request to the warden, "Whitmire was instructed he needed to submit his compassionate release request with additional documentation, and Whitmire did not do so." (Doc. 54 at PageID 215).

**B. Extraordinary and Compelling Reason for Release**

Having found Defendant exhausted his administrative remedies, the Court now considers the merits of Defendant's motion. The COVID-19 pandemic is an ongoing public health crisis that is affecting daily life both inside and outside of correctional facilities. COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. "During the COVID-19 pandemic, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his [or her] prison facility." *United States v. Provost,* 474 F. Supp. 3d 819, 825 (E.D. Va. 2020) (internal quotation marks omitted) (granting motion for compassionate release). "Generalized fears of contracting COVID-19, without more, do not constitute a compelling reason." *United States v. Bothra*, 838 F. App'x 184, 185 (6th Cir. Feb. 25, 2021).

Based on the statistics from the Bureau of Prisons, although there was an initial outbreak of COVID-19 at FCI Manchester, the pandemic is now more controlled at the facility. FCI Manchester currently has 1 inmate and 4 staff who have tested positive for COVID-19, as well as 571 inmates and 132 staff who have recovered from COVID-19. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited 8/26/2021). No inmate or staff deaths from COVID-19 have been reported at the facility, and currently 95 staff and 741 inmates have been fully vaccinated against COVID-19. *Id.*

The crux of Defendant's motion is that he "has long suffered from a skin condition that when coupled with his race, may make him particularly susceptible to Covid-19 which is in turn exacerbated by the conditions of his incarceration."[3] (Doc. 53 at PageID 206). Upon review of

---

[3] Defendant also indicates that he has been "shot several times and still has a bullet in his skull," and suffers from seasonal allergies and anxiety. (Doc. 53 at PageID 204). His medical records also demonstrate he has experienced

5

Defendant's medical records, the only reference to a "skin condition" the Court could ascertain is that Defendant suffers from "[s]car conditions and fibrosis of skin" and, more specifically, "[k]eloid scarring on anterior chest." (Doc. 54-1 at PageID 227).

While the Court is sympathetic with Defendant's concerns, the Court finds that Defendant's asserted conditions are not sufficient to warrant his compassionate release. None of Defendant's asserted medical conditions have been identified by the Centers for Disease Control and Prevention as among those that increase an individual's risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 8/26/2021). Moreover, Defendant's purported skin condition requires no prescription medications or significant medical intervention that the Court could locate or that Defendant identified. Defendant's conclusory assertion that his skin condition "may make him particularly susceptible to Covid-19" does not present an extraordinary and compelling reason for his release, particularly given the lack of medical records documenting his condition.[4] *See United States v. McGrath*, No. 2:17-cr-125, 2021 WL 363548, at *4 (S.D. Ohio

---

some dental issues (Doc. 54-1 at PageID 255-60) and joint pain (*id.* at PageID 242-45). Defendant does not, however, provide any basis as to how these conditions further support his compassionate release.

[4] Furthermore, Defendant's reliance on *United States v. Jean* for the proposition that his skin condition merits his release is misplaced. No. 17-cr-0372-13(JS) (E.D.N.Y. April 6, 2021). In *Jean*, the court granted a compassionate release where the defendant suffered from a skin condition that he contended "may relate to an immunity deficiency." *Id.* The court, however, also recognized that the defendant had little or no protection from COVID-19 as he was housed in an area where eight other inmates slept within a six-foot radius. *Id.* Such is not the case here. Defendant does not assert, nor do his medical records suggest, that Defendant's skin condition might bear any relationship to an immunity deficiency such that he is more susceptible to contracting, or experiencing severe complications from, COVID-19. And aside from a generalized fear of contracting COVID-19, Defendant has not suggested or otherwise demonstrated that FCI Manchester's COVID-19 protocols and practices are inadequate. *See United States v. Haynes*, No. 3:17-cr-00158-01, 2021 WL 288562, at *2 (N.D. Ohio Jan. 28, 2021) ("Defendant has shown no more than a generalized risk [of contracting COVID-19], not a risk that is specific to him based on his living circumstances and medical conditions."); *see also United States v. Schnabel*, No. 2:17-cr-169, 2020 WL 3566613, at *5 (S.D. Ohio July 1, 2020) (compassionate release motions amidst the COVID-19 pandemic require a "fact-intensive inquiry" with due regard to the "unique circumstances and context of each individual defendant." (cleaned up)).

Feb. 3, 2021) ("[T]aking Defendant at her word regarding her Hidradenitis Suppurativa, Defendant has not shown that this medical condition—while serious and undoubtedly difficult to deal with—places her at an increased risk of complications from COVID-19.").

By way of comparison, this Court recently granted a motion for compassionate release where a non-ambulatory and severely ill inmate suffered from numerous medical conditions identified by the Centers for Disease Control and Prevention as among those that increase an individual's risk of severe illness from COVID-19, including chronic kidney disease; chronic obstructive pulmonary disease; obesity; heart conditions, including heart failure or cardiomyopathies; and type 2 diabetes mellitus. *See United States v. Smith*, 1:15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327).[5] Defendant's asserted medical conditions simply do not rise to the same rare and extraordinary level.

Lastly, and significantly, Defendant was offered and refused the Pfizer-BioNTech COVID-19 vaccine on April 14, 2021. (Doc. 54 at PageID 219; Doc. 54-1 at PageID 254, 267). Defendant's motion does not address the circumstances surrounding his decision to not receive the vaccine. While the Court acknowledges Defendant's ability to refuse the vaccine, this decision belies any argument that COVID-19 truly presents an extraordinary and compelling reason warranting Defendant's compassionate release. *See, e.g., United States v. Bonsu*, No. 2:18-CR-00058-1, 2021 WL 3098083, at *3 (S.D. Ohio July 22, 2021) ("This Court finds that [the defendant's] vaccine refusal will preclude his request for compassionate release. While this Court respects [the defendant's] concerns about the vaccine and his decision-making process, he presents no specific reasons as to why the COVID-19 vaccine presents a particular risk to him that outweighs the benefits of its protection."); *United States v. McComb*, No. 2:04-cr-114, 2021

---

[5] Moreover, in *Smith* the Government withdrew its objections to the defendant's release, which is not the case here.

WL 2102026, at *2 (S.D. Ohio May 25, 2021) ("While defendant had the right to decline receiving the vaccine, his unexplained refusal casts some doubt on the sincerity of his concern about contracting [COVID-19]."); *United States v. Makupson*, No. 1:14-cr-214, 2021 WL 2826071, at *2 (N.D. Ohio July 7, 2021) (same).

Under these circumstances, and particularly in light of Defendant's decision to refuse the COVID-19 vaccine, the Court cannot conclude that Defendant satisfied his burden of presenting an extraordinary and compelling reason for compassionate release.

### C. 18 U.S.C. § 3553(a) Sentencing Factors

The Court has considered the § 3553(a) sentencing factors, to the extent they are applicable, and finds that they do not support release. The Court thoroughly considered these factors at the initial sentencing hearing and its conclusions have not changed.

As to the nature and characteristics of the offense, Defendant was convicted of a serious crime—possessing a firearm and ammunition after having been convicted for a felony in violation of 18 U.S.C. § 922(g)—which is also indicative of Defendant's recidivism. *See United States v. Mayberry*, No. 3:17-cr-00216, 2021 WL 1634536, at *5 (M.D. Tenn. April 27, 2021) ("[D]ue to his prior felony, Defendant was prohibited from possessing firearms, yet did so anyway, evidencing his recidivism."). The firearm was equipped with an extended magazine, and when officers attempted to stop Defendant, he initially fled on foot. (Doc. 21 at PageID 51; Presentence Investigation Report at ¶¶ 16-17). Moreover, the circumstances surrounding Defendant's possession were aggravating as Defendant possessed the firearm and ammunition while engaging in a hand-to-hand drug transaction. (Doc. 21 at PageID 51; Presentence Investigation Report at ¶¶ 15, 25). Based on these facts, the Court finds that the nature and circumstances of Defendant's underlying offense weigh against granting compassionate release.

8

The Court is also concerned with Defendant's criminal history. At sentencing, he was assessed 12 criminal history points, representing a conviction for attempted robbery, a conviction for a weapons under disability charge, a narcotics related conviction, and two separate possession of heroin convictions. (*Id.* at ¶¶ 35-39, 56). Defendant's pattern of criminal behavior concerns the Court that he would be likely to commit future crimes and remain a risk to the public.

Defendant still has approximately one year remaining on his sentence. Given the nature of Defendant's offense and criminal history, releasing Defendant at this time would not adequately protect the public, reflect the seriousness of Defendant's offense, provide just punishment for it, or promote respect for the law. For these reasons, the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) even if it found an extraordinary and compelling reason for Defendant's release.

### IV. CONCLUSION

For the many reasons explained herein, Defendant's Motion for Compassionate Release (Doc. 53) is **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court